UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO LAURENCIO,

                    Plaintiff,

vs.                                Case No.  2:03-cv-294-FtM-29DNF

SECRETARY,  DEPT. OF CORRECTIONS,
WARREN W.  CORNELL,  Warden,  LT.
SMITH,  C.O.  EDWIN CARDENAS,  SGT.
JOHN CHURILLA,  ROBERT A.  BRIGGS,
M.D.,  NURSE  MCCUSTER,  R.N.  and
WEXFORD HEALTH SOURCES, INC.,

                    Defendants.

_____

## OPINION AND ORDER

          This  matter  comes  before  the  Court  on  Defendants  Wexford
Health  Sources,  Inc.,  Dr.  Robert  Briggs  and  Maureen  McCuster's
(hereinafter  "the  Medical  Defendants")  Motion  to  Dismiss
Plaintiff's First Amended Complaint (Doc. #7), and Defendants James
McDonough (the current Secretary of the Department of Corrections),
former Warden Warren W. Cornell, Corrections Officer Edwin Cardenas
and Sgt. John Churilla's (hereinafter "the Corrections Defendants")
Motion  to  Dismiss  (Doc.  #35).   Plaintiff  filed  Responses  (Docs.
#10, #43) to each motion.

### I.

          Plaintiff, an inmate in the custody of the Florida Department
of Correction proceeding *pro se,* filed a First Amended Complaint

(Doc. #6) (the Amended Complaint) pursuant to 42 U.S.C. § 1983. The Amended Complaint alleges that plaintiff's Eighth Amendment rights were violated while he was incarcerated in the Charlotte Correctional Institution. (Doc. #6, ¶1).

The Amended Complaint alleges that on July 26, 2001, plaintiff was physically assaulted by another inmate (Gonzalez) with the brush part of a push broom while plaintiff was in his prison cell. (Id. at ¶ 14).  Plaintiff claims that Sgt. John Churilla (Sgt. Churilla) unlocked his cell, allowed the other inmate into his cell, and watched the assault without intervening to stop it. (Id. at ¶ 14).  About twenty minutes after the assault, defendants Lt. Smith, Sgt. Churilla and Correctional Officer Cardenas (C.O. Cardenas) began questioning plaintiff about the assault, with Sgt. Churilla pretending he did not know who had committed the assault. (Id. at ¶ 15).  Plaintiff sustained the following injuries from the assault: a broken wrist, a shattered right elbow, broken teeth and dentures, a concussion, bruised ribs, bruised legs, bruised arms, and lacerations. (Id. at ¶ 17).

About an hour after the assault, while being escorted to the medical department by Lt. Smith, C.O. Cardenas and Sgt. Churilla, plaintiff collapsed to the floor due to the injuries. (Id. at ¶ 18).  Defendants Smith and Cardonas cussed at plaintiff, telling him to "get up from the floor and quit faking being hurt." Defendant Cardonas said in Spanish "They should have kill you cuban pi[e]ce of shit." (Id. at ¶ 18).  When these defendants noticed

-2-

plaintiff's injuries were serious, they called for a stretcher for plaintiff. (Id.).

Plaintiff was taken to the prison medical building, where it was determined he needed emergency hospitalization. (Id. at ¶ 19). Plaintiff was taken by ambulance to the Charlotte Regional Medical Center, where he underwent surgery to repair his right elbow and fractured right thumb. (Id. at ¶¶ 19-20). Plaintiff was prescribed antibiotics, pain medication, and a splint, and was ordered by the surgeon to remain in the prison infirmary until his return visit for a post-surgery evaluation. (Id. at ¶¶ 20-21). Plaintiff spent two days in the hospital, and was discharged on July 28, 2001. (Id. at ¶ 21).

Plaintiff was returned to Charlotte Correctional Institution, assigned to the infirmary, and given a dose of the pain medication. (Id. at ¶ 22). On July 29, 2001, after less than one day, Dr. Briggs found no reason to keep plaintiff in the infirmary, discharged plaintiff from the infirmary, and discontinued the previously prescribed medications. (Id. at ¶ 23). Plaintiff was moved to a close management unit and housed under protective custody. (Id. at ¶ 24).

Plaintiff was confined for approximately 42 days in close management, where he was denied needed medications, housed in violation of departmental policy concerning seizure patients, and received little post-surgery care for his elbow. (Id. at ¶ 26). Plaintiff was not returned to the Charlotte Regional Medical Center

for the post-surgery evaluation.  (Id.).  Plaintiff asserts that defendants Lt. Smith, C.O. Cardenas, and Sgt. Churilla knew of his need for medication while in the close management unit, but they denied his requests.  (Id. at ¶ 30).

Between August 1 and August 15, 2001, while in the close management unit, Plaintiff attempted suicide twice, but he was denied any mental health counseling or treatment for his problems by defendant nurse Maureen McCuster (nurse McCuster).  (Id. at ¶¶ 27, 29).  Plaintiff asserts that the denial of mental health care by nurse McCuster was not based on any policy or procedure of the institution, but on her belief that plaintiff was faking suicide.  (Id. at 29).

On about September 12, 2001, plaintiff was released from the close management unit and sent to general population.  (Id. at ¶ 32).  Plaintiff was then seen by Dr. B. Cobb, who prescribed medication, issued various passes, and ordered a surgical consultation on plaintiff's elbow.  (Id. at ¶ 33).  Three weeks later plaintiff was examined by the surgeon at Charlotte Regional Medical Center, who recommended further reconstructive surgery.  (Id. at ¶ 34).  Plaintiff asserts that he has permanent injuries as a result of the assault and deficient medical care.  (Id. at ¶ 35).

Plaintiff alleges that he filed all of the grievance forms necessary to fulfill the requirements of the Prison Litigation Reform Act ("PLRA").  (Id. at ¶ 36).

Count One of the Amended Complaint charges the Corrections Defendants with deliberate indifference to plaintiff's substantial risk of serious harm based upon the assault and the failure to intervene, in violation of the Eighth Amendment to the United States Constitution. The named defendants are the Secretary of the Department of Corrections, Warden Cornell, Lt. Smith, Sgt. Churilla, and Correctional Officer Cardenas. Count Two charges the Medical Defendants with deliberate indifference to plaintiff's serious medical needs, amounting to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The named defendants are Dr. Briggs, nurse McCuster, and Wexford Health Source, Inc. Plaintiff seeks compensatory and punitive damages as to each defendant.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However,
the Eleventh Circuit imposes "heightened pleading requirements" for
§ 1983 cases which involve individuals entitled to assert qualified
immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834
(11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163
(1993)). The heightened pleading standard is not otherwise
applicable.

Dismissal is warranted if, assuming the truth of the factual
allegations of plaintiff's complaint, there is a dispositive legal
issue which precludes relief. Neitzke v. Williams, 490 U.S. 319,
326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10
(11th Cir. 1992). The Court need not accept unsupported
conclusions of law or of mixed law and fact in a complaint. Marsh,
268 F.3d at 1036 n.16. Because Plaintiff is proceeding *pro se*, his
pleadings are held to a less stringent standard than pleadings
drafted by an attorney and will be liberally construed. Hughes v.
Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

### III.

The Supreme Court made clear that "prison officials have a
duty . . . to protect prisoners from violence at the hands of other
prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not
every injury that an inmate suffers at the hands of another inmate
"translates into a constitutional liability." Id. at 834. To show

-6-

that a violation of an Eighth Amendment right occurred, a plaintiff must "'produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant' deliberate indifference to that risk; and (3) causation.'" <u>Purcell ex rel. Estate of Morgan v. Toombs County, Ga.</u>, 400 F.3d 1313, 1319 (11th Cir. 2005)(citing <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995)). A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. <u>Purcell</u>, 400 F.3d at 1319-20; <u>Carter v. Galloway</u>, 352 F.3d 1346, 1349 (11th Cir. 2003).

To show deliberate indifference to a serious medical need, plaintiff must allege both an objective and a subjective prong: Plaintiff must first allege an objectively serious medical need, then must allege that the jail official acted with an attitude of deliberate indifference to that need. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004); <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. <u>Brown</u>, 387 F.3d at 1351; <u>Farrow</u>, 320 F.3d at 1243. As to "deliberate indifference," plaintiff must allege (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by

conduct that is more than mere negligence.  <u>Cook v. Sheriff of Monroe County, Fl.</u>, 402 F.3d 1092, 1115 (11th Cir. 2005); <u>Brown</u>, 387 F.3d at 1351; <u>Farrow</u>, 320 F.3d at 1245.  Inadvertent or negligent failure to provide adequate medical care does not rise to a constitutional violation.  <u>Farrow</u>, 320 F.3d at 1243.  Delay of treatment for obviously serious conditions can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified.  <u>Taylor</u>, 221 F.3d at 1259-60 (citing <u>Hill v. Dekalb Reg'l Youth Ct.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994)); <u>Lancaster</u>, 116 F.3d at 1425.

## IV.

The Medical Defendants (Wexford Health Sources, Inc., Dr. Robert Briggs, and nurse Maureen McCuster) seek dismissal of the Amended Complaint because it fails to state an Eighth Amendment claim.  They argue that the Amended Complaint simply recites the phrase "deliberate indifference" and asserts vague and conclusory allegations which are insufficient to satisfy the federal pleading standards.  (Doc. #7, p. 4).  More specifically, they assert that the Amended Complaint fails to allege specific facts to state a deliberate indifference claim.  (Doc. #7, pp. 4-5).

**A.**

In general, the Court concludes that the Amended Complaint sets forth adequate facts, and does not rely upon vague, conclusory or boilerplate allegations. As summarized above, the Amended Complaint is fairly specific, and when read in its entirety, complies with the pleading standards as to Wexford Health and Dr. Briggs. The Court finds, however, that there are not sufficient facts to allege an Eighth Amendment claim as to nurse McCuster. Indeed, the Amended Complaint negates any Eighth Amendment claim by asserting that her actions or inactions were due to her belief plaintiff was faking suicide, not because of any subjectively improper motives. The Amended Complaint also fails to provide any facts as to the mental health care that she should have provided but did not. Accordingly, the motion will be granted as to nurse McCuster, and otherwise denied on this ground.

**B.**

Both Dr. Briggs and nurse McCuster are sued individually and in their official capacities. (Doc. #6, ¶¶ 10, 11). The only "official" capacity of Dr. Briggs and nurse McCuster is as employees/independent contractors of Wexford Health Source, Inc., the corporate entity which provided all medical services at Charlotte Correctional Institution pursuant to a contract with the Florida Department of Corrections (Doc. #6, ¶ 9). It is well settled that an official capacity suit is essentially a suit

against the entity, and is redundant where the entity or its representative is a party to the suit. McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985); Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Accordingly, the official capacity claims as to Dr. Briggs and nurse McCuster will be dismissed.

### C.

Wexford Health Source, Inc. asserts that the Amended Complaint fails to allege that the constitutional violation resulted from its custom, policy or practice. (Doc. #7, pp. 6-7). A government entity cannot be held liable under § 1983 unless its policy, custom or practice was the moving force behind the constitutional violation. Monell v. Dep't. of Soc. Servs., 436 U.S. 658 (1978). As a contract health care provider for the Florida Department of Corrections, Wexford Health can be liable only if its policy, custom or practice was the moving force of a constitutional violation. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir.), cert. denied, 522 U.S. 1018 (1997); Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore the Amended Complaint must adequately allege facts supporting this element of plaintiff's claims.

Given the required liberal construction of *pro se* pleadings, the Court finds that this requirement has been sufficiently plead.

The Amended Complaint states that "Policymaking officials of the Department of Corrections and of WHS, particularly the chief health officer Dr. Briggs, knew of the widespread and longstanding problems with inmate care at Charlotte but did nothing to correct the situation.  WHS therefore must have had a policy or custom of deliberate indifference to inmate's serious medical needs."  (Doc. #6, ¶¶ 12, 13).  In the body of Count Two, plaintiff alleges "that Defendant Wexford Health Sources, particularly their Chief Health Officer at Charlotte C.I., knew of the widespread and longstanding problems with inmates care at Charlotte and did nothing to correct the situation, therefore Defendant Wexford must have a policy or custom of deliberate indifference to inmate's serious medical needs."  (Doc. #6, p. 13).  These allegations, coupled with the specific factual allegations involving plaintiff personally, are sufficient to withstand a motion to dismiss.

### D.

Defendant Wexford Health asserts it is entitled to Eleventh Amendment immunity.  (Doc. #7, pp. 5-6).  The Eleventh Amendment precludes certain suits by citizens against their own States in federal court.  Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67 (1996); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000).  Eleventh Amendment immunity extends only to state agencies and officials, not to independent entities such as counties or municipalities.

<u>Miccosukee Tribe</u>, 226 F.3d at 1231.  A "state" for Eleventh Amendment purposes includes state agents and state instrumentalities, <u>Vierling v. Celebrity Cruises, Inc.</u>, 339 F.3d 1309, 1314 (11th Cir. 2003); <u>Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.</u>, 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities.  <u>McMillian v. Monroe County</u>, 520 U.S. 781, 785 n.2 (1997).  The Eleventh Amendment protects an entity which was acting as an "arm of the state" even if not labeled a "state officer" or "state official." <u>Manders v. Lee</u>, 338 F.3d 1304, 1308 (11th Cir. 2003)(en banc), <u>cert. denied</u>, 540 U.S. 1107 (2004).  The Eleventh Amendment does not, however, preclude suits in federal courts against state officials in their individual capacities.  <u>Jackson v. Georgia Dep't of Transp.</u>, 16 F.3d 1573, 1575 (11th Cir. 1994), <u>cert. denied</u>, 513 U.S. 929 (1994).

The Eleventh Circuit has held that the Secretary of the Florida Department of Corrections has Eleventh Amendment immunity from damage suits in federal court.  <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986).  <u>See also</u> <u>Evans v. Florida Dept. of Corr.</u>, 2005 WL 1227478, *1 (M.D. Fla. 2005).  This has not been extended, however, to a private corporation performing Department of Corrections' functions pursuant to contract.  Indeed, even when only qualified immunity was at issue, the Supreme Court held that employees of a private firm which assumed significant administrative tasks in a prison with limited direct supervision by

the government were not protected in a § 1983 suit.   Richardson v. McKnight, 521 U.S. 399 (1997).   Given the detailed analysis required to determine if an entity is an arm of the state, e.g., Williams v. District Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190 (11th Cir. 2005), at the very least, it cannot be determined from the allegations in the Amended Complaint that Wexford Health Source, Inc. is entitled to Eleventh Amendment immunity. Therefore, the motion is denied on this ground.

E.

Finally, the Medical Defendants argue that the Amended Complaint must be dismissed because plaintiff failed to exhaust his administrative remedies.   Section 42 U.S.C. §1997e provides:

> (a) **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail,** prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. §1997e(a) (emphasis added).   "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).   Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001)(finding that

Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available). This exhaustion requirement applies to state prisons, and to a prison which is privately operated. <u>Pri-Har v. Corrections Corp. Of Am.</u>, 154 Fed. Appx. 836, 838 (11th Cir. 2005)(privately operated federal prison). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999)(citing <u>Alexander</u>, 159 F.3d 1326)); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).

The Amended Complaint states: "Plaintiff filed all the grievances necessary to fullfill (sic) the provisions of the Prisoners Reform Litigation Act (See Exhibit B)." (Doc. #6, ¶ 36). Exhibit B consists of several grievances filed. The Medical Defendants assert that plaintiff has not demonstrated that he has exhausted his administrative remedies, arguing that the attached grievances show the process was not properly completed. (Doc. #7, pp. 7-9).

Plaintiff need not prove in the complaint that he has properly completed the grievance procedure. Fed. R. Cv. P. 9(c) states that "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." If a defendant disputes such an allegation, the "denial of performance or occurrence shall

-14-

be made specifically and with particularity." Fed. R. Cv. P. 9(c). While exhaustion is at least a condition precedent[1], the Amended Complaint adequately pleads compliance.   Additionally,   the grievance procedures for Charlotte Correctional Institution in 2001 are not before the Court, and the matter cannot be resolved on a motion to dismiss based upon the documents attached to the Amended Complaint.  Accordingly, this aspect of the motion will be denied.

### V.

### A.

As to the Corrections Defendants, the claim against defendants Cornell, Cardenas, and Churilla in their official capacities will be dismissed for the same reasons stated above for the Medical Defendants.  The Secretary of the Department of Corrections, James McDonough, is a defendant in the case and therefore naming the other officers in their "official" capacities is simply redundant.

### B.

Defendant McDonough seeks dismissal of the case in his official capacity based upon Eleventh Amendment immunity.  As the Court stated above, the Secretary of the Florida Department of Corrections is immune from a damage suit in federal court.  Zatler,

---

[1]The Eleventh Circuit has not decided whether § 1997e is jurisdictional, Chandler v. Crosby, 379 F.3d 1278, 1286 n.16 (11th Cir. 2004), but has noted that many other circuits have found it to be a non-jurisdictional affirmative defense.  Green v. Schwartz, 138 Fed. Appx. 184, 185 n.1 (11th Cir. 2005).

802 F.2d at 400; <u>Evans</u>, 2005 WL at *1.  Therefore, this portion of the motion will be granted.

### C.

The Corrections Defendants assert qualified immunity from the claim raised in Count One.  (Doc. #35, pp. 5-9).  This portion of the motion, however, only discusses medical mistreatment (Doc. #35, pp. 8-9).  None of the Corrections Defendants are named in Count Two - the Eighth Amendment claim based on medical care.  Therefore, this portion of the motion is denied.

### D.

The Corrections Defendants also assert that the Amended Complaint must be dismissed because the documents attached to the Amended Complaint do not show that plaintiff exhausted state remedies.  (Doc. #35, pp. 9-11).  For the same reasons discussed above, this matter cannot be resolved in this case on a motion to dismiss.

### E.

Defendants allege that Plaintiff failed to state a cause of action for deliberate indifference under the Eighth Amendment to the United States Constitution.  The Court agrees in part.

The Amended Complaint contains no allegations that Warden Warren W. Cornell in any way participated in the alleged constitutional deprivations.  It is clear that Plaintiff attributes liability solely on the basis of his supervisory position as

Warden. (See Amended Complaint, Doc. 6, ¶ 5)(wherein Plaintiff claims the Warden Cornell was "the direct supervisor of all staff at this institution."). His position as Warden does not, without more, subject him to liability. Mondell, 436 U.S. at 690-692; McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994). Because there are insufficient factual allegations as to Warden Cornell, the motion will be granted as to Warden Cornell in his individual capacity.

Accepting the factual allegations as true, the Amended Complaint does state an Eighth Amendment claim against Sgt. Churilla. It alleges that he allowed another inmate to enter plaintiff's cell, watched as that inmate assaulted plaintiff with a part from a broom, and failed to intervene during the assault.

The Amended Complaint alleges that C.O. Cardenas knew of the tool control policy requiring all brooms, mops and cleaning supplies to be in a secured area, but recklessly disregarded this policy and permitted an inmate to have one of these tools, which caused injury to Plaintiff. Plaintiff only alleges that C.O. Cardenas cussed at him and said some words in Spanish that implied (in plaintiff's view) Cardenas knew about the assault prior to it happening. Accepting the factual allegations against C.O. Cardenas as true, Plaintiff has failed to allege sufficient facts that Cardenas was deliberately indifferent to the risk to Plaintiff. Plaintiff has failed to state an Eighth Amendment cause of action

-17-

against C.O. Cardenas, and the motion will be granted in his individual capacity.

**VI.**

As of the date of this Order, service of process has not been effectuated upon Defendant Lieutenant Smith. (See Doc. #29, Return of Service, 5/20/05, "Lt. Smith has never worked at C.C.I.") While, an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with valid address for a defendant, the Court cannot meet this responsibility. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987); See also 28 U.S.C. § 1915(d). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action as to a defendant on its own motion if service is not perfected within 120 days after the filing of the complaint. This matter is clearly subject to dismissal as to Lieutenant Smith pursuant to the 120-day provision of Rule 4(m).

Accordingly, it is now

**ORDERED**:

1. Defendants Wexford Health Sources, Inc., Dr. Robert Briggs and Maureen McCuster's Motion to Dismiss Plaintiff's First Amended

Complaint (Doc. #7) is **GRANTED IN PART AND DENIED IN PART** as follows:

(A) The motion is **GRANTED** as to defendants Dr. Robert Briggs and Maureen McCuster in their official capacities;

(B) The motion is **GRANTED** as to Maureen McCuster in her individual capacity.

(C) The motion is otherwise **DENIED.**

2.  Defendants James V. Crosby (now James McDonough, Secretary of Department of Corrections), Former Warden Warren W. Cornell, Corrections Officer Edwin Cardenas and Sgt. John Churilla's Motion to Dismiss (Doc. #35) is **GRANTED IN PART AND DENIED IN PART** as follows:

(A) The motion is **GRANTED** as Warren W. Cornell, Edwin Cardenas, and John Churilla in their official capacities;

(B) The motion is **GRANTED** as to Warren W. Cornell and Edwin Cardenas in their individual capacities;

(C) The motion is otherwise **DENIED.**

3.  Lieutenant Smith is **dismissed** from this action for failure to effect service of process.  The Clerk shall withhold the entry of Judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record
SA/hk